UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JOHN OLAGUES,

                        Plaintiff,

-v-

CARL C. ICAHN, HIGH RIVER LIMITED
PARTNERSHIP, ICAHN PARTNERS LP,
ICAHN PARTNERS MASTER FUND LP,
ICAHN PARTNERS MASTER FUND II LP,
ICAHN PARTNERS MASTER FUND III LP,
and NUANCE COMMUNICATIONS, INC.,

                        Defendants.

---

**15 CV 02478**

**COMPLAINT**

**JURY TRIAL DEMANDED**



RECEIVED
APR 0 1 2015
U.S.D.C. S.D. N.Y.
CASHIERS

Plaintiff, by his attorneys, alleges, based upon knowledge with respect to the facts relating to him and upon information and belief with respect to all other allegations, as follows:

<h3 style="text-align:center">INTRODUCTION</h3>

1.      This action is brought pursuant to Section 16(b) of the Securities Exchange Act of 1934, as amended (the "Exchange Act"), [15 U.S.C. 78p(b)] ("Section 16(b)") in order to recover short-swing insider trading profits realized by defendants Carl C. Icahn ("Icahn"), High River Limited Partnership ("High River"), Icahn Partners LP ("Icahn Partners"), Icahn Partners Master Fund LP ("Icahn Master"), Icahn Partners Master Fund II LP ("Icahn Master II"), Icahn Partners Master Fund III LP ("Icahn Master III") (collectively, the "Icahn Entities," or, the "Icahn Defendants").

2.      The Icahn Entities formed a group pursuant Section 13(d)(3) of the Exchange Act, 15 U.S.C. §78m(d)(3), and SEC Rule 13d-5(b)(1), 17 C.F.R §240.13d-5(b)(1), promulgated

1

thereunder by the Securities and Exchange Commission ("SEC").  As a result, the Icahn

Defendants at all relevant times beneficially owned 10% or more of the outstanding common

stock of Nuance Communications, Inc. ("Nuance" or the "Company") making them statutory

insiders of Nuance within the meaning of Section 16(b).  The Icahn Defendants are required to

disgorge any profits they earn through short-swing insider trading (*i.e.*, purchases and sales

within a six month period) when they are statutory insiders.  Actual misuse of inside information

is not an element of the claim although the statute embodies a presumption that statutory insiders

have access to such inside information.

## PARTIES

3.      Plaintiff John Olagues is a shareholder of Nuance.

4.      Defendant Carl C. Icahn ("Icahn") is an individual residing in New York, New

York.

5.      Defendant High River Limited Partnership ("High River") is a Delaware limited

partnership whose principal business address is White Plains Plaza, 445 Hamilton Avenue - Suite

1210, White Plains, NY 10601.  Icahn indirectly directs and manages the investments of High

River.

6.      Defendant Icahn Partners LP ("Icahn Partners") is a Delaware limited partnership

whose principal business address is White Plains Plaza, 445 Hamilton Avenue - Suite 1210,

White Plains, NY 10601. Defendant Icahn is the investment manager of Icahn Partners.

7.      Defendant Icahn Partners Master Fund LP ("Icahn Master") is a Delaware limited

partnership whose principal business address is White Plains Plaza, 445 Hamilton Avenue - Suite

1210, White Plains, NY 10601. Defendant Icahn is the investment manager of Icahn Master.

8.     Defendant Icahn Partners Master Fund II LP ("Icahn Master II") is a Delaware limited partnership whose principal business address is White Plains Plaza, 445 Hamilton Avenue - Suite 1210, White Plains, NY 10601. Defendant Icahn is the investment manager of Icahn Master II.

9.     Defendant Icahn Partners Master Fund III LP ("Icahn Master III") is a Delaware limited partnership whose principal business address is White Plains Plaza, 445 Hamilton Avenue - Suite 1210, White Plains, NY 10601. Defendant Icahn is the investment manager of Icahn Master III.

10.     (a) Defendant Nuance is a Delaware corporation that maintains its principal offices at 1 Wayside Road, Burlington, Massachusetts 01803.

(b) The Company's common stock ("Common Stock") is registered with the United States Securities and Exchange Commission ("SEC") pursuant to Section 12 of the Exchange Act and the Common Stock trades on the NASDAQ under the symbol NUAN.

(c) Nuance provides voice and language solutions for businesses and consumers worldwide.

(d) Nuance is a necessary party as this action is brought by Plaintiff in order to obtain a recovery for the Company.

## JURISDICTION AND VENUE

11.     Jurisdiction of this Court is proper pursuant to Section 27 of the Exchange Act [15 U.S.C. §78aa]. Venue is properly laid in this District because the Icahn Defendants are located in this District.

<u>SUBSTANTIVE ALLEGATIONS</u>

**The Icahn Entities Were Statutory Insiders**
**Of Nuance Within The Meaning Of Section 16(b)**

12.     The Icahn Entities, directly or indirectly, acted together at all relevant times as a group with respect to acquiring, holding, voting and/or disposing of Nuance equity securities. This concerted action was facilitated through, among other things, defendant Icahn whose present principal occupation, according to an August 29, 2013 Schedule 13D filed by the Icahn Defendants with the SEC with respect to Nuance, is managing various private investment funds, including High River, Icahn Partners, Icahn Master, Icahn Master II and Icahn Master III.

13.     According to a Schedule 13G filed by the Icahn Defendants with the SEC on April 1, 2013 with respect to Nuance, Barberry Corp. is the sole member of Hopper Investments LLC, which is the general partner of High River.  Beckton Corp. is the sole stockholder of Icahn Enterprises G.P. Inc., which is the general partner of Icahn Enterprises Holdings L.P.  Icahn Enterprises Holdings L.P. is the sole member of IPH GP LLC, which is the general partner of Icahn Capital LP.  Icahn Capital LP is the general partner of each of Icahn Onshore LP ("Icahn Onshore") and Icahn Offshore LP ("Icahn Offshore"). Icahn Onshore is the general partner of Icahn Partners. Icahn Offshore is the general partner of each of Icahn Master, Icahn Master II and Icahn Master III.

14.     Furthermore, each of Barberry and Beckton is 100 percent owned by defendant Icahn. As such, Defendant Icahn was in a position indirectly to determine the investment and voting decisions made by each of High River, Icahn Partners, Icahn Master, Icahn Master II and Icahn Master III.

15.     Defendant Icahn at all relevant times had the power to direct the vote and make all investment decisions regarding Nuance equity securities held by the Icahn Entities and, in

4

fact, made all voting and investment decisions for those entities. In that April 1, 2013 Schedule 13G Icahn reports that he indirectly beneficially owns 29,329,291 shares of Common Stock and that he shares dispositive power over all of the shares directly owned by the Icahn Entities.

16.     In a Schedule 13D filed with the SEC on April 30, 2013, the Icahn Entities reported that they collectively beneficially owned in the aggregate, 33,899,274 shares of Common Stock, representing approximately 10.72% of the Issuer's outstanding shares based upon the 316,274,707 shares of Common Stock outstanding as of January 31, 2013 as stated by the Company in a Form 10-Q filed with the SEC on February 8, 2013. Consequently, the Icahn Entities were subject to Section 16(b) as a statutory insider beneficially owning 10% or more of the Common Stock during the relevant time period.

**The Icahn Entities Engaged In Transactions
In Nuance Options Generating Short-Swing Profits**

17.     In a series of Form 4s filed between May 2, 2013 and August 29, 2013, the Icahn Entities reported that they acquired 18,538,476 shares of Common Stock by writing European-Style put options, which can only be exercised on the expiration date of the option, to purchase 18,538,476 shares of Common Stock, the put options had an exercise price of $12.30 and an expiration date of February 20, 2015 (the "Put Options"). The writing of a put option obligates the put writer to purchase the shares underlying the put if the put purchaser decides to exercise the put. The specific transactions were as follows:

| Date | Number of Shares | Exercise Price | Expiration Date | Price |
|---|---|---|---|---|
| May 1, 2013 | 1,000,000 | $12.30 | February 20, 2015 | $0.01 |
| May 9, 2013 | 1,000,000 | $12.30 | February 20, 2015 | $0.01 |
| May 10, 2013 | 511,349 | $12.30 | February 20, 2015 | $0.01 |
| May 13, 2013 | 1,388,900 | $12.30 | February 20, 2015 | $0.01 |

| | | | | |
|---|---|---|---|---|
| May 14, 2013 | 516,203 | $12.30 | February 20, 2015 | $0.01 |
| May 15, 2013 | 808,227 | $12.30 | February 20, 2015 | $0.01 |
| May 16, 2013 | 250,000 | $12.30 | February 20, 2015 | $0.01 |
| May 17, 2013 | 500,000 | $12.30 | February 20, 2015 | $0.01 |
| May 20, 2013 | 381,193 | $12.30 | February 20, 2015 | $0.01 |
| June 3, 2013 | 957,104 | $12.30 | February 20, 2015 | $0.01 |
| June 4, 2013 | 59,261 | $12.30 | February 20, 2015 | $0.01 |
| June 5, 2013 | 2,177,817 | $12.30 | February 20, 2015 | $0.01 |
| June 6, 2013 | 653,600 | $12.30 | February 20, 2015 | $0.01 |
| June 10. 2013 | 779,357 | $12.30 | February 20, 2015 | $0.01 |
| June 11, 2013 | 140,384 | $12.30 | February 20, 2015 | $0.01 |
| June 12, 2013 | 250,000 | $12.30 | February 20, 2015 | $0.01 |
| June 13, 2013 | 116,235 | $12.30 | February 20, 2015 | $0.01 |
| June 14, 2013 | 750,000 | $12.30 | February 20, 2015 | $0.01 |
| June 17, 2013 | 354,262 | $12.30 | February 20, 2015 | $0.01 |
| June 20, 2013 | 262,005 | $12.30 | February 20, 2015 | $0.01 |
| June 21, 2013 | 333,100 | $12.30 | February 20, 2015 | $0.01 |
| June 24, 2013 | 550,229 | $12.30 | February 20, 2015 | $0.01 |
| August 7, 2013 | 3,301,895 | $12.30 | February 20, 2015 | $0.01 |
| August 8, 2013 | 72,938 | $12.30 | February 20, 2015 | $0.01 |
| August 9. 2013 | 14,400 | $12.30 | February 20, 2015 | $0.01 |
| August 16, 2013 | 79,819 | $12.30 | February 20, 2015 | $0.01 |
| August 19, 2013 | 250,000 | $12.30 | February 20, 2015 | $0.01 |
| August 23, 2013 | 107,634 | $12.30 | February 20, 2015 | $0.01 |
| August 27, 2013 | 78,427 | $12.30 | February 20, 2015 | $0.01 |